1  SHAWN N. ANDERSON
   United States Attorney
2  STEPHEN F. LEON GUERRERO
   Assistant U.S. Attorney
3  Sirena Plaza, Suite 500
   108 Hernan Cortez Avenue
4  Hagåtña, Guam 96910
   PHONE: (671) 472-7332
5  FAX: (671) 472-7215
   Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| UNITED STATES OF AMERICA, | CIVIL CASE NO. 18-00019 |
|---|---|
| Plaintiff, | |
| vs. | |
| FUNDS IN THE AMOUNT OF $25,883.33 FROM BANK OF HAWAII ACCOUNT ENDING IN 5448 IN THE NAME OF HANSEN HELICOPTERS, INC.; | **VERIFIED COMPLAINT FOR FORFEITURE *IN REM*** |
| FUNDS IN THE AMOUNT OF $649,208.25 FROM BANK OF HAWAII ACCOUNT ENDING IN 9134 IN THE NAME OF CALEDONIAN AGENCY, INC.; | |
| FUNDS IN THE AMOUNT OF $1,043,262.16 FROM COMMUNITY BANK AND TRUST ACCOUNT ENDING IN 4056 IN THE NAME OF WALKER AGRICOLA LLC; AND | |
| FUNDS IN THE AMOUNT OF $2,924,544.16 FROM NATIONAL FINANCIAL SERVICES, LLC ACCOUNT ENDING IN 6330 IN THE NAME OF JOHN D. WALKER, | |
| Defendants. | |

COMES NOW, Plaintiff, the United States of America, by and through Shawn N. Anderson, United States Attorney for the Districts of Guam and Northern Mariana Islands, and Stephen F. Leon Guerrero, Assistant United States Attorney for the District of Guam, brings this

VERIFIED COMPLAINT
FOR FORFEITURE *IN REM*
PAGE - 1

complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions and the Federal Rules of Civil Procedure:

## I. NATURE OF THE ACTION

1. This is a civil action *in rem* brought to forfeit and condemn to the use and benefit of the United States of America the following property (collectively referred to as "Defendant Property"), which is currently held in the Treasury Suspense Account with the Department of Treasury, Treasury Executive Office for Asset Forfeiture, in Washington, D.C.:

   A. Funds from the corporate account ending in 5448 in the name of HANSEN HELICOPTERS, INC. in the amount of $25,883.33 from Bank of Hawaii in Hagatna, Guam.

   B. Funds from the corporate account ending in 9134 in the name of CALEDONIAN AGENCY, INC. in the amount of $649,208.25 from Bank of Hawaii in Hagatna, Guam.

   C. Funds from the business account ending in 4056 in the name of WALKER AGRICOLA LLC. in the amount of $1,043,262.16 from Community Bank and Trust in Neosho, Missouri.

   D. Funds from the brokerage account ending in 6330 in the name of JOHN D. WALKER in the amount of $2,924,544.16 from National Financial Services, LLC. in Boston, Massachusetts.

Defendant Property was obtained pursuant to seizure warrants based on probable cause that were executed on February 6, 2018 and March 7, 2018. Defendant Property is hereby alleged to be any property, real or personal, involved in a transaction or attempted transaction in violation of 18. U.S.C. §1957 (Money Laundering) or any property traceable to such property and thereby subject to civil forfeiture under 18 U.S.C. § 981(a)(1)(A); and is hereby alleged to constitute or be derived from proceeds traceable to a violation of 18 U.S.C. §1343 (Wire Fraud) which is an offense that constitutes "specified unlawful activity" under 18 U.S.C. §1956(c)(7), as listed in section 1961(1), and thereby subject to civil forfeiture under 18 U.S.C. § 981(a)(1)(C).

## II. JURISDICTION AND VENUE

2. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the Defendant Property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

3. This Court has *in rem* jurisdiction over the Defendant Property under 28 U.S.C. § 1355(b).

4. Venue is proper in this matter pursuant to 28 U.S.C. § 1355(b)(1)(A) and 28 U.S.C. § 1395, because the acts or omissions giving rise to the forfeiture occurred in this district.

## III. RELEVANT FACTS

5. On or about October 25, 2016, the Federal Bureau of Investigations (FBI) interviewed TIMOTHY CISLO (CISLO), a Federal Aviation Administration (FAA) Safety Inspector. CISLO advised that HANSEN HELICOPTERS, INC. had a "*good operation*" and was "*trouble free*" in regards to their maintenance program. CISLO denied receiving any type of compensation from HANSEN HELICOPTERS, INC. in exchange for issuing airworthiness certificates.

6. From 2009 to 2017, FAA Safety Inspector CISLO issued approximately 25 Special Airworthiness Certificates, approximately 5 Standard Airworthiness Certificates, and approximately 71 Replacement Airworthiness Certificates, with majority of the issued certificates being to HANSEN HELICOPTERS, INC.

7. FBI Special Agent (SA) Peter Prozik reviewed electronic evidence obtained from the search warrant of HANSEN HELICOPTERS, INC. and its subsidiaries in Guam and Saipan. The electronic evidence provided the following information:

   a. From May 15, 2014 to May 22, 2014, multiple emails between KENNETH RUFUS CROWE (CROWE) and CISLO discussed that CISLO preferred a Taylorcraft aircraft, which was shown to him by CROWE, and to ship the aircraft to an address in Kapolei, Hawaii.

   b. From May 24, 2014 to May 27, 2014, multiple emails between CROWE and an airplane broker discussed purchasing an aircraft, identified by registration number N43245; disclosed wire transfer instructions for the aircraft purchase; and conveyed the aircraft bill of sale to CISLO. The airplane broker brokered the sale of the aircraft with HANSEN HELICOPTERS, INC. on behalf of the owners.

c. On or about May 27, 2014, an email disclosed that CROWE informed WALKER which aircraft CISLO preferred and that CROWE negotiated the seller down to $20,000, but the seller wanted $22,500 including shipping.

d. On or about May 28, 2014, multiple emails disclosed that CROWE instructed "*Jo*" from HANSEN HELICOPTERS, INC. to proceed with the wire transfer and informed "*Jo*" that the airplane owners wanted the airplane broker to handle the sale. CROWE informed the aircraft owner that the accountant was processing the wire transfer for the purchase of the aircraft and a receipt would be sent to the aircraft owners and the airplane broker when complete. CROWE also informed the airplane broker that the wire transfer was complete and should be in his account within 24-48 hours.

e. On or about May 30, 2014, an email disclosed that airplane broker informed CROWE that the funds cleared and he would send the bill of sale the following morning via FedEx, but the airplane broker asked if the bill of sale went to CISLO.

f. On or about June 27, 2014, an email disclosed that CROWE requested MARVIN R. REED (REED) forward CROWE the documents CISLO would "*need to get his plane in Hawaii*" and asked when the aircraft would arrive. The subject line of that email was "*Tim's Plane*."

g. In or about June 2014, an electronic copy of a Performa/Commercial Invoice indicated that a disassembled damaged airplane and "*1 ea spare engine*" shipped from Sonoma, California to Kapolei, Hawaii for CISLO, but the invoice was signed by REED.

h. On or about February 13, 2015, an email disclosed that CISLO told CROWE he planned on having a "*sign-fest*" of airworthy certificates in May or June.

8. On or about June 25, 2014, the Aircraft Bill of Sale, *AC Form 8050-2*, for N43245 and the Aircraft Registration Application, *AC Form 8050-1*, for N43245 was filed with the FAA. FAA records indicated that the aircraft N43245 was a Taylorcraft BC-12D, Serial Number 6904, and currently registered to CISLO. The aircraft bill of sale indicated the aircraft was sold by previous owners for $20,000 on May 28, 2014. The aircraft registration application

VERIFIED COMPLAINT
FOR FORFEITURE *IN REM*
PAGE - 4

for N43245, Serial Number 6904, requested the aircraft be registered to CISLO in Honolulu, Hawaii. CISLO signed the application on June 20, 2014.

9. On or about February 27, 2015, CISLO approved the following aircrafts for HANSEN HELICOPTERS, INC. by signing the *FAA Form 8130-7,* Special Airworthiness Certificate, which is identified by the following aircraft numbers:

    a. N2949P
    b. N369PF
    c. N4250N
    d. N454S
    e. N501FC
    f. N504WW
    g. N74AM
    h. N9056F
    i. N9162F
    j. N9212F

10. According to Doug Dymock, FAA Inspector of the Special Emphasis Investigations Team, a safety inspector cannot, in good faith, properly inspect and issue airworthiness certificates for ten helicopters in one day, especially since four of the helicopters were involved in previous accidents, including one helicopter considered damaged beyond repair, prior to CISLO issuing the aircraft an airworthiness certificate. The following helicopters had accident reports filed with the National Transportation Safety Board (NTSB), but CISLO later approved those helicopters as being airworthy, as described in *paragraph 9*:

    a. <u>Aircraft Number: N4250N</u>
        An accident report filed by the NTSB indicated that the aircraft was destroyed over the Pacific Ocean on or about June 20, 1997. This airframe was also registered in the Republic of Philippines until on or about September 4, 2014, when they removed it from their registry by revocation.

    b. <u>Aircraft Number: N74AM</u>
        An accident report filed by the NTSB indicated the aircraft suffered substantial damage in the Pacific Ocean on or about October 6, 2004.

    c. <u>Aircraft Number: N9056F</u>

VERIFIED COMPLAINT
FOR FORFEITURE *IN REM*
PAGE - 5

An accident report filed by the NTSB indicated the aircraft suffered substantial damage on or about September 19, 1975.

　　d. Aircraft Number: N9162F

An accident report filed by the NTSB indicated the aircraft suffered substantial damage in the Pacific Ocean on or about December 30, 1999.

11. CISLO issued the airworthiness certificates for the following aircrafts without doing a proper review of the aircraft records and proper safety inspection:

　　a. Aircraft Number: N243D

　　　1. Around August 2004, this aircraft was destroyed in a crash and subsequently deregistered and scrapped by its owner at the time. HANSEN HELICOPTERS, INC. later obtained N243D and N345SD in a pile of scrap the company purchased in Alaska.

　　　2. In a subsequent attempt to register N243D with the FAA, CROWE represented the aircraft had "erroneously" been reported as destroyed or scrapped. CROWE conceded the aircraft was involved in a crash, but he falsely claimed the main fuselage had not been damaged in the crash. The prior owner of aircraft N243D had photographs showing that the aircraft fuselage was clearly damaged in the crash because it had to be cut in order to free one of the occupants from the downed aircraft.

　　　3. In 2012, HANSEN HELICOPTERS, INC. Director of Maintenance TURNER KAPP (KAPP) made an entry in what was purported to be a logbook for aircraft N243D. The entry reflected that KAPP performed a hard landing inspection on the aircraft; however, KAPP's logbook entry did not reflect sufficient repairs to make N243D airworthy after the crash.

　　　4. CISLO issued a replacement airworthiness certificate on or about October 31, 2012.

　　b. Aircraft Number: N345SD

　　　1. On or about October 31, 2012, CISLO issued a replacement airworthiness certificate for aircraft N345SD after HANSEN

VERIFIED COMPLAINT
FOR FORFEITURE *IN REM*
PAGE - 6

HELICOPTERS, INC. represented that the original certificate was lost at sea. During this timeframe, aircraft N345SD was on the manufacturer's destroyed list for approximately 10 years and there was no documentation indicating that it was adequately repaired. Had CISLO accessed the FAA's Safety Performance Analysis System before issuing the replacement airworthiness certificate, CISLO would have seen the NTSB accident report, which stated that aircraft N345SD crashed in 2002 and was "*destroyed.*"

c. Aircraft Number: N9068F

1. On or about March 7, 2013, CISLO issued a replacement airworthiness certificate for aircraft N9068F, even though the aircraft was involved in a crash on or about December 6, 1997. The aircraft sustained substantial damage and was reported as being destroyed. There were no FAA Form 337 major repair maintenance record entries for the aircraft on file for structural repairs in accordance with 14 C.F.R. §43.9(d).

2. Based on the fact that no records were submitted to the FAA to indicate N9068F had been repaired after its December 6, 1997 crash, the FAA sent multiple letters to HANSEN requesting to inspect aircraft N9068F dated May 13, 2015, June 23, 2015, and July 8, 2015. Aircraft N9068F crashed on or about September 2, 2015, which killed the pilot and sank into the ocean. On or about September 2, 2015, KAPP traveled to the Republic of Marshall Islands to obtain the logbooks and records for aircraft N9068F. On or about September 10, 2015, KAPP made false entries into aircraft N9068F's logbook, documenting that the necessary inspections and maintenance were performed on aircraft N9068F, when in fact KAPP did not perform the stated inspections or required maintenance. KAPP was not in the same physical location as the aircraft during the time period he specified in the logbook entries. KAPP subsequently provided the altered aircraft's logbook entries for N9068F's to CROWE, who then

submitted the accident report to NTSB and logbook entries to the FAA as part of the crash investigation into aircraft N9068F.

3. On or about September 3, 2015, HANSEN HELICOPTERS, INC. reported that this aircraft crashed and was lost at sea. HANSEN and CROWE sent the FAA a signed affidavit, dated or about March 4, 2016, stating that aircraft N9068F crashed at sea and the aircraft's registration and certificate of airworthiness were lost with the aircraft. However, HANSEN and CROWE were in possession of both the registration and certificate of airworthiness for aircraft N9068F, which was found at the HANSEN facility during the FBI search warrant on or about October 26, 2016.

12. On or about October 26, 2016, the FBI, DOT-OIG, and other law enforcement agencies executed a search warrant at HANSEN HELICOPTERS, INC., which is located in Harmon, Guam, and its subsidiaries. IRS-CI Special Agent Viranousith Khamvongsa reviewed evidence stored on electronic media and computers seized from the search site that were provided by the FBI.

The following tables summarize several Microsoft Excel files, which lists the pilot, mechanic, and marine vessel assignment to HANSEN HELICOPTERS, INC.'s aircraft fleet and identified by their tail numbers. The tables also summarize evidence from a Microsoft Excel file that provided a schedule of the billings and collections activity from companies that leased helicopters from HANSEN HELICOPTERS, INC., or its subsidiaries, for the time period of December 2013 to September 2016.

The information being summarized also focuses on the ten (10) helicopters identified in paragraphs 9 and 10, which were certified by FAA Safety Inspector CISLO on or about February 27, 2015 as being airworthy after CISLO received an airplane from CROWE, WALKER, REED, and HANSEN HELICOPTERS, INC. on or around June 25, 2014, even though CISLO did not properly inspect the helicopters. In addition, the information also summarizes three other helicopters identified in paragraph 11, which were also certified by FAA Safety Inspector CISLO as being airworthy, when they were not.

VERIFIED COMPLAINT
FOR FORFEITURE *IN REM*
PAGE - 8

a.

| Aircraft Number | Marine Vessel | Company | Total Payments |
|---|---|---|---|
| N2949P | No Data | No Data | $ 0.00 |
| N369PF | Sea Quest | Sea Quest, Inc. | 120,000.00 |
| N4250N | Ocean Galaxy | Fong Kuo Fishery | 323,717.42 |
| N454S | Friesland | Fishing Company Friesland | 732,271.82 |
| N501FC | American Eagle | Ching Fu Shipbuilding | 145,191.28 |
| N501FC | Shun Fa 8 | Golden Village Global | 594,090.22 |
| N504WW | Win Far 636 | Kuo Hsiung Fishery Co. | 119,950.00 |
| N74AM | Fong Kuo 189 | Fong Kuo Fishery | 789,450.34 |
| N9056F | Fong Kuo 866 | Fong Kuo Fishery | 185,259.37 |
| N9162F | Fong Kuo 889 | Fong Kuo Fishery | 300,000.00 |
| N9162F | Kwilla 888 | TSP Marine Industries | 145,806.40 |
| N9212F | Lim Joon Discoverer | Kiribaati and Hansung Fisheries | 417,419.36 |
| N243D | Atun Planti | Ocean Lucky Limited | 504,838.72 |
| N345SD | Ocean Challenger | Ocean | 929,217.28 |
| N9068F | Atun Kalap | Ocean Lucky Limited / Top Wealth Global Limited | 279,796.87 |

13. After analyzing the records from WALKER AGRICOLA LLC.'s Community Bank and Trust business bank account, xxx4056, CALEDONIAN AGENCY, INC.'s Bank of Hawaii corporate bank account, xxxx-xx9134, HANSEN NORTHERN HELICOPTERS, INC. Bank of Hawaii corporate bank account, xxxx-xx3534, and HANSEN HELICOPTERS, INC. Bank of Hawaii corporate bank account, xxxx-xx 5448, IRS-CI Special Agent Viranousith Khamvongsa identified that of the $ 5,587,009.08 attributable to SUA proceeds calculated from the seized electronic media identified in the *paragraph 12*, $5,018,114.45 is traceable through the aforementioned bank accounts.

14. Beginning in February 2014, an aggregate amount of $5,018,114.45 was deposited, by using wire communications that moved through interstate commerce, into Bank of Hawaii account ending in 9134 in the name of CALEDONIAN AGENCY, INC., and traceable to SUA proceeds of 18 U.S.C. §1343 (Wire Fraud). These wires were to pay for helicopters leased from HANSEN HELICOPTERS, INC., which FAA Safety Inspector CISLO deemed

VERIFIED COMPLAINT
FOR FORFEITURE *IN REM*
PAGE - 9

airworthy, even though they were not, because FAA Safety Inspector CISLO was bribed and influenced by various individuals and businesses, to include JOHN D. WALKER aka JON WALKER.

15. From December 14, 2016 to December 16, 2016, the sum of $4,190,870.48 of the above-referenced $5,018,114.45 SUA proceeds was transferred to other accounts, which were $3,990,870.48 to Bank of Hawaii account ending 3534, and $200,000 to Bank of Hawaii account ending 5448. As of December 30, 2017, $178,035.72 of the SUA proceeds was used, and $649,208.25 of the SUA proceeds remained in the Bank of Hawaii account ending in 9134 in the name of CALEDONIAN AGENCY, INC.

16. From December 14, 2016 to December 16, 2016, an aggregate amount of $3,990,870.48 of the above-referenced SUA proceeds was transferred into the Bank of Hawaii account ending 3534 in the name of HANSEN NORTHERN HELICOPTERS, INC. From December 19, 2016 to December 20, 2016, $3,967,806.32 of the $3,990,870.48 SUA proceeds was transferred to Community Bank and Trust account ending 4056 in the name of WALKER AGRICOLA, LLC. As of December 30, 2017, $23,064.16 of the SUA proceeds remained in the Bank of Hawaii account ending in 3534 in the name of HANSEN NORTHERN HELICOPTERS, INC.

17. On or about December 16, 2016, $200,000 of the above-referenced SUA proceeds was transferred into the Bank of Hawaii account ending 5448 in the name of HANSEN HELICOPTERS, INC. As of December 30, 2017, $174,116.67 of the SUA proceeds were used, and $25,883.33 of the SUA proceeds remained in the Bank of Hawaii account ending in 5448 in the name of HANSEN HELICOPTERS, INC.

18. From December 19, 2016 to December 20, 2016, the sum of $3,967,806.32 of the above-referenced SUA proceeds was transferred in to the Community Bank and Trust account ending 4056 in the name of WALKER AGRICOLA, LLC. On or about January 22, 2018, $2,924,544.16 of the $3,967,806.32 SUA proceeds was transferred to National Financial Services, LLC account ending 6330. As of February 6, 2018, $1,043,262.16 of the SUA proceeds remained in the Community Bank and Trust account ending in 4056 in the name of WALKER AGRICOLA, LLC.

19. On or about January 22, 2018, $2,924,544.16 of the above-referenced SUA proceeds was transferred in to the National Financial Services, LLC account ending 6330 in the

name of JOHN D. WALKER. As of March 7, 2018, $2,924,544.16 of the SUA proceeds remained in the National Financial Services, LLC account ending in 6330 in the name of JOHN D. WALKER.

## IV.     CLAIM FOR RELIEF

20. Plaintiff incorporates the allegations of paragraphs 1 through 19, above.

21. Based on the foregoing, Defendant Property is hereby alleged to be any property, real or personal, involved in a transaction or attempted transaction in violation of 18 U.S.C. §1957 (Money Laundering) or any property traceable to such property and thereby subject to civil forfeiture under 18 U.S.C. § 981(a)(1)(A); and is hereby alleged to constitute or be derived from proceeds traceable to a violation of 18 U.S.C. §1343 (Wire Fraud) which is an offense that constitutes "specified unlawful activity" under 18 U.S.C. §1956(c)(7), as listed in section 1961 (1), and thereby subject to civil forfeiture under 18 U.S.C. § 981(a)(1)(C).

## V.     PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that due process issue to enforce the forfeiture of Defendant Property, *in rem*; that due notice of this action be given to all interested persons to appear and show cause why forfeiture of Defendant Property, *in rem*, should not be decreed; that due proceedings be had thereon; that the Defendant Property be forfeited and condemned to the United States of America; that the Plaintiff be awarded its costs and disbursements in this action; and for such other and further relief as this Court deems proper and just.

DATED this 4th day of May, 2018.

SHAWN N. ANDERSON
United States Attorney
Districts of Guam and the NMI

By:   */s/ Stephen F. Leon Guerrero*
STEPHEN F. LEON GUERRERO
Assistant U.S. Attorney

VERIFIED COMPLAINT
FOR FORFEITURE *IN REM*
PAGE - 11

Case 1:18-cv-00019   Document 1   Filed 05/04/18   Page 11 of 12

## VERIFICATION

I, Viranousith Khamvongsa, hereby verify and declare under penalty of perjury that I am a Special Agent with the Internal Revenue Service-Criminal Investigation, in Guam, that I have read the foregoing Verified Complaint for Forfeiture *In Rem* and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge, except those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Special Agent.

I hereby verify and declare under penalty of perjury that the foregoing information is true and correct.

DATED this  04  day of May, 2018.

*[signature]*

Viranousith Khamvongsa, Special Agent
Internal Revenue Service-Criminal Investigation

VERIFIED COMPLAINT
FOR FORFEITURE *IN REM*
PAGE - 12

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

### DEFENDANTS
FUNDS IN THE AMOUNT $25,883.33 FROM BANK OF HAWAII ACCOUNT ENDING IN 5448 IN THE NAME OF HANSEN HELICOPTERS, INC; FUNDS IN THE AMOUNT $649,208.25 FROM BANK OF HAWAII ACCOUNT ENDING IN 9134 IN THE NAME OF CALEDONIAN AGENCY, INC; FUNDS IN THE AMOUNT $1,043,262.16 FROM COMMUNITY BANK AND TRUST ACCOUNT ENDING IN 4056 IN THE NAME OF WALKER AGRICOLA LLC; FUNDS IN THE AMOUNT $2,924,544.16 FROM NATIONAL FINANCIAL SERVICES, LLC ACCOUNT ENDING IN 6330 IN THE NAME OF JOHN D. WALKER

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Stephen F. Leon Guerrero, Assistant U.S. Attorney

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☒ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | **PERSONAL PROPERTY** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

Click here for: Nature of Suit Code Descriptions.

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
18 USC 981(a)(1)(C), 1956(c)(7) and 1961(1)
Brief description of cause:
Forfeiture in Rem

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
- DEMAND $
- CHECK YES only if demanded in complaint:
- JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER CV-18-00019

DATE: 05/04/2018
SIGNATURE OF ATTORNEY OF RECORD: /s/ Stephen F. Leon Guerrero

**FOR OFFICE USE ONLY**

RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE

Case 1:18-cv-00019 Document 1-1 Filed 05/04/18 Page 1 of 1